# DAVISON • EASTMAN • MUÑOZ • PAONE, P.A.

DUANE O. DAVISON
EDWARD C. EASTMAN, JR.
ROBERT F. MUÑOZ (1988-2021)
JAMES A.  PAONE, II ◊
JAMES M. McGOVERN, JR. ▼ ▲
ROBERT S. BONNEY, JR. □ ▼
ANNE MARIE MAZZU •
CHRISTINA D. HARDMAN O'NEAL ▼
BLAKE R. LAURENCE • ◊
MATTHEW K. BLAINE ◊
CHRISTOPHER D. OLSZAK ►
BRIAN J. CHABAREK ▼
DOUGLAS J. WIDMAN □ ▼
DENNIS M. GALVIN

COUNSEL
NICOLE SOROKOLIT CRODDICK ▼
MICHAEL J. CONNOLLY

OF COUNSEL
DANIEL D. OLSZAK ►
TRACEE A. DANNER
HON. JAMIE S. PERRI, J.S.C. (Ret.)

**TIMOTHY C. MORIARTY**
Attorney At Law

tmoriarty@respondlaw.com

100 Willow Brook Road, Suite 100
Freehold, NJ 07728

DIRECT DIAL NUMBER
732-410-2330
DEPARTMENT FAX NUMBER
732-810-1522
NJ ATTORNEY ID NUMBER
027822004

ANDREW J. BALL ◊
ALAN L. POLINER ▼◊
TIMOTHY C. MORIARTY ▼
ZACHARY J. STYCZYNSKI

CERTIFIED BY THE SUPREME COURT
OF NEW JERSEY AS A:
□ CIVIL TRIAL ATTORNEY
□ CRIMINAL TRIAL ATTORNEY

• LL.M. IN TAXATION
□ R. 1:40 QUALIFIED MEDIATOR

OTHER STATE ADMISSIONS:
▼ NEW YORK
◊ PENNSYLVANIA
▲ ILLINOIS

► CERTIFIED AS AN ELDER LAW ATTORNEY
BY THE ABA APPROVED NATIONAL ELDER
LAW FOUNDATION

WWW.RESPONDLAW.COM

March 15, 2022

**VIA ECF**

Hon. Freda L. Wolfson, U.S. Chief Dist. Judge
United States District Court
District of New Jersey
Clarkson S. Fisher Fed. Building
402 East State Street
Trenton, New Jersey 08608

   RE:   **Rachlin v. Baumann, et al.**
         **Civil Action No.: 21-cv-15343-FLW-TJB**

Dear Chief Judge Wolfson:

   Further to the above, this office represents the Defendants, George K. Baumann and Freehold Township ("Defendants") in connection with the above-captioned matter.  In accordance with Your Honor's "Temporary Order to Seal" dated February 22, 2022 ("February 2022 Order"), Plaintiff Avi Rachlin ("Plaintiff") and Defendants conferred regarding "the information or documents, if any that ought to be redacted or remain under seal."  *See* February 2022 Order.  In response to Plaintiff's correspondence received this morning, Defendants write to advise the Court that Defendants object to the indiscriminate sealing of documents as proposed by Plaintiff.  That is, Plaintiff provides no reasonable basis or justification as to why a less restrictive means of redaction would not suffice.

   Cognizant that the Third Circuit has recognized "the important privacy interest in one's medical records", Defendants consistently communicated to Plaintiff that, while the Defendants do not necessarily object to sealing/redacting information from documents filed with the Court that contain "potentially sensitive information pertaining to Plaintiff's medical history" as set forth in the February 22 Order,  *See Bertolotti v. AutoZone, Inc.*, 132 F. Supp. 3d 590, 609 (D.N.J. 2015)

Hon. Freda L. Wolfson, U.S. Chief Dist. Judge
March 15, 2022
Page 2

(citing *Doe v. Delie*, 257 F.3d 309 (3d Cir. 2001)), the Defendants advised Plaintiff on numerous occasions that Defendants could not agree to across-the-board sealing of records in this case.

Notwithstanding Defendants' consistent position, Plaintiff's position with respect to the sealing of records has dramatically shifted over the course of the last three weeks. That is, Plaintiff initially represented that he would not be seeking to seal any part of the docket, and then communicated to Defendants last night that Plaintiff would seek to essentially seal the entire docket without any explanation as to the basis for such a widescale sealing of records. For instance, Plaintiff inexplicably seeks to seal the Court's Opinion in its entirety, when redactions can be made where there is reference to Plaintiff's mental health records.

In sum, Defendants cannot agree to Plaintiff's proposal received last evening, which deviates dramatically from the previous position articulated by the Plaintiff. Defendants respectfully submit that the scope of the proposed sealing of records is overbroad and untenable. That is, Plaintiff has not proffered any reasonable basis showing why a less restrictive alternative to the blanket sealing of documents without regard for their content is not available.

As such, it is respectfully submitted that Plaintiff's request for wholesale sealing of records should be denied in its entirety. It is also respectfully contended that if Plaintiff wishes to seek such an Order, that a proper Motion should be filed by Plaintiff, giving the Defendants an opportunity to respond. The Defendants would not have an objection to the Temporary Order to Seal remaining in place until such time as a determination is made on such a Motion

Thank You for Your Honor's consideration of this matter.

Respectfully submitted,

TIMOTHY C. MORIARTY
Attorney At Law

TCM:kld

cc:    Edward A. Paltzik, Esq. (via ECF)
       Eric L. Harrison, Esq. (via ECF)