**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY
(609) 989-2040

CHAMBERS OF
**TONIANNE J. BONGIOVANNI**
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
402 E. STATE STREET, RM 6052
TRENTON, NJ 08608

May 26, 2022

**LETTER ORDER**

Re: **Rachlin v. Baumann et al**
Civil Action No. 21-15343 (FLW)

Dear Counsel:

Pending before the Court is Plaintiff, Avi Alexander Rachlin's Motion to Seal Docket Entry Nos. 9-3, 19-3, 19-6, 21, 21-2, 23, 24, 27, 27-1, 27-3, 29, and 30. (Docket Entry No. 40.) On February 22, 2022, the District Court Ordered that Docket Entry Nos. 19, 21, 23, 27, 29, and 30 be placed under seal until such time as the Court lifts the seal. (Docket Entry No. 32.) Plaintiff and Defendants were to confer and propose to the Court within fourteen days of the date of the District Court's Order, whether the information or documents placed under temporary seal were to be redacted or remain under seal. (*Id.*) On March 8, 2022, the Court received a letter from Plaintiff, with Defendants' consent, requesting a seven-day extension of the Temporary Order to Seal and an extension to the Court's instruction regarding how the parties intended to move forward with the information or documents. (Docket Entry No. 33.)

On March 15, 2022, Plaintiff filed a letter explaining to the District Court that the parties were unable to agree on a proposed sealing plan. (Docket Entry No. 35.) Plaintiff goes on to request that the following documents on the docket: 10, 19-3, 19-6, 21, 21-2, 23, 27, 27-1, and 30;

"all which either contain Plaintiff's medical records or directly quote or reference information from those medical records, be placed under seal or remain under seal." (*Id.*) Defendants filed a response on the docket objecting "to the indiscriminate sealing of documents as proposed by Plaintiff." (Docket Entry No. 36.) Defendants argued that Plaintiff failed to provide a reasonable basis or justification as to why a less restrictive means of redaction would not suffice. (*Id.*) Defendants also argued that "Plaintiff's request for wholesale sealing of records be denied in its entirety," and that a proper motion be filed by Plaintiff, giving Defendants an opportunity to respond," because the "proposed sealing of records is overbroad and untenable." (*Id.*) On March 18, 2022, the District Court entered a Text Order, instructing Plaintiff to file a formal motion to seal within fourteen days of the date of the Order. (Docket Entry No. 37.) On March 31, 2022, Plaintiff filed a request to extend the deadline to file a formal motion. (Docket Entry No. 38.) On April 1, 2022, the District Court granted the extension. (Docket Entry No. 39.) On April 3, 2022, Plaintiff filed the pending Motion to Seal. (Docket Entry No. 40.)

Plaintiff seeks to seal the following documents: Exhibit 3 to Plaintiff's Motion for Injunctive Relief (Docket Entry No. 9-3); Defendants' Brief in Support of Motion to Dismiss the Complaint (Docket Entry No. 19-3); Plaintiff's Exhibits in Support of Motion to Dismiss the Complaint, which include Plaintiff's medical records (Docket Entry No. 19-6); Defendant's Brief in Opposition to Plaintiff's Motion for Preliminary and Permanent Injunction (Docket Entry No. 21); Defendant's Exhibit A to Opposition to Plaintiff's Motion for Preliminary and Permanent Injunction (Docket Entry No. 21-2); Plaintiff's Reply Brief in Further Support of Motion for Preliminary and Permanent Injunction (Docket Entry No. 23); Plaintiff's Reply Declaration in Further Support of Motion for Preliminary and Permanent Injunction (Docket Entry No. 24);

2

Plaintiff's Brief in Opposition to Motion to Dismiss (Docket Entry No. 27); Plaintiff's Declaration in Opposition to Motion to Dismiss (Docket Entry No. 27-1); Plaintiff's Exhibit 1 in Opposition to Motion to Dismiss (Docket Entry No. 27-3); Defendants' Reply Brief in Further Support of Motion to Dismiss (Docket Entry No. 29); and the Final Opinion of the Honorable Freda L. Wolfson, U.S.D.J. (Docket Entry No. 30).  (Cert. of Timothy C. Moriarty, Esq. of 4/29/2022 at ¶ 2; Opp'n Br. at 19-20.)  Plaintiff argues that each document is either a "medical record or a document that contains explicit references to excerpts, quotes, or information from [Plaintiff's] medical records."  (Docket Entry No. 40.)

Defendants oppose Plaintiff's Motion.  (Docket Entry No. 46.)  Defendants present two arguments.  (*Id.*)  First, Defendants argue that Plaintiff fails to demonstrate the absence of a less restrictive alternative to sealing the twelve documents at issue.  (*Id.*)  In this regard, Defendants argue, among other things, that Plaintiff's request "is not narrowly tailored to ensure that the public is properly apprised of the other allegations which form the basis of Plaintiff's claims."  (*Id.*)  Second, Defendants contend that Plaintiff's proposed Order is deficient under L.Civ.R. 5.3(c)(3) and (c)(6).  (*Id.*)  Specifically, Plaintiff failed to include the required findings of fact and conclusions of law in his Order.  (*Id.*)

The Court has reviewed and considered all arguments raised in favor of and in opposition to Plaintiff's Motion to Seal.  The Court considers Plaintiff's Motion without argument pursuant to L.Civ.R. 78.1(b).

Motions to seal are governed by Local Civil Rule 5.3(c).  According to L.Civ.R. 5.3(c)(3), a party seeking an order to seal must describe with particularity in an index:

> (a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interest which warrant the relief sought;

3

> (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available;  (e) any prior order sealing the same materials in the pending action; and (f) the identity of any party or nonparty known to be objecting to the sealing request[.]

Where, like here, there is an objection to the request to seal, the index must also identify: "(g) the materials to which there is an objection; (h) the basis for the objection; and (i) if the material or information was previously sealed by the Court in the pending action, why the materials should not be maintained under seal." *Id.*

"It is well-established that there is a 'common law public right of access to judicial proceedings and records.'" *HR. Staffing Consultants, LLC v. Butts*, Civil Action No. 15-3155 (KM)(JBC), 2015 WL 9918413, at *2 (D.N.J. July 17, 2015) (quoting *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001).  The party seeking to seal a document bears the burden to overcome this presumption.  *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994). Notably, it is a "heavy burden[.]"  *Prelle v. Chief Exec. Officer of New Jersey*, Civil Action No. 21-165447 (MAS)(LHG), 2021 WL 365229, at *1 (D.N.J. Feb. 3, 2021) (citation omitted). Indeed, "[t]he party seeking to seal any part of a judicial record" must demonstrate good cause that "'the material is the kind of information that courts will protect' and that 'disclosure will work a clearly defined and serious injury to the party seeking closure.'"  *Id*. (quoting *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (quoting *Publicker Indus. Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984))).

Importantly, "[g]ood cause is not established where a party merely provides 'broad allegations of harm, unsubstantiated by specific examples or articulated reasoning.'"  *HR Staffing Consultants*, 2015 WL 9918413, at *2 (quoting *Pansy*, 23 F.3d at 786 (quoting *Cipollone v. Liggett*

4

*Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986))). "Further, 'it is well-settled that a party's classification of material as protected or confidential does not automatically satisfy the criteria for sealing pursuant to Local Civil Rule 5.3.'" *Mitsubishi Tanabe Pharma Corp. v. Aurobindo Pharma USA, Inc.*, Civil Action No. 17-5005 (RMB/JS), 2020 WL 4882975, at *1 (D.N.J. Aug. 20, 2020) (quoting *In re: Benicar (Olmesarten) Prods. Liab. Litig.*, Civil Action No. 15-2606 (RBK/JS), 2016 WL 266353, at *3 (D.N.J. Jan. 21, 2016)).

The Court first addresses the nature of the materials at issue. As stated above, Plaintiff seeks to seal medical records or documents that contain explicit references to his medical information. (Docket Entry No. 40.) Second, the Court finds that Plaintiff has a legitimate privacy interest in his medical records. In *United States v. Westinghouse Electric Corporation*, the Court found that medical records are entitled to the privacy protections afforded by the Constitution. 638 F.2d 570, 577 (3d Cir. 1980) ("There can be no question that an [individual]'s medical records, which may contain intimate facts of a personal nature, are well within the ambit of materials entitled to privacy protection."). Third, the Court finds that Plaintiff identified a clearly defined and serious injury that would result if the medical information in the documents were disclosed, namely that "it will reveal highly confidential medical information about Plaintiff and undermine his rights and interests in keeping such information private." (Docket Entry No. 40.)

Regarding a less restrictive alternative to the relief sought, Plaintiff is correct in noting that no alternative would provide the protection required for Exhibit 3 to Plaintiff's Motion for Injunctive Relief. Exhibit 3 to Plaintiff's Motion for Injunctive Relief, in its entirety, reveals, contains, and/or reflects highly sensitive medical information regarding Plaintiff. Due to the

5

nature of Exhibit 3 to Plaintiff's Motion for Injunctive Relief, the Court will **GRANT** Plaintiff's Motion to Seal Docket Entry No. 9-3.

After reviewing the remaining eleven documents at issue, the Court finds that Plaintiff fails to provide the Court with an adequate explanation regarding why a less restrictive alternative to the relief sought is not available for these documents. Rarely would sealing an entire document represent the least restrictive alternative. Instead, when confidential information is contained in such documents, generally, the party with the confidentiality interest is able to redact the limited portions containing same, leaving the remaining document available and accessible to the public. *See China Falcon Flying Ltd. v. Dassault Falcon Jet Corp.*, Civil Action No. 15-6210 (KM) (MAH), 2017 U.S. Dist. LEXIS 212970, at *7 (D.N.J. Dec. 28, 2017) (finding that a less restrictive alternative was not available where defendant sought "minimal and tailored redactions"). In the opposition, Defendants attach Exhibit A, which consists of proposed redactions to the twelve documents at issue. Exhibit A challenges Plaintiff's position and offers a less restrictive alternative to sealing each document in its entirety.

Given Plaintiff's legitimate right to privacy, the Court will afford Plaintiff an opportunity to review Exhibit A. No later than **June 24, 2022**, Plaintiff is directed to electronically file a supplemental brief specifically identifying which limited portions of each of the remaining documents at issue Plaintiff seeks to seal and why those portions should be considered confidential. To the extent Plaintiff agrees that Exhibit A represents the least restrictive alternative, Plaintiff should state as much. Defendants may submit a response to Plaintiff's supplemental brief no later than July 8, 2022. No additional filings shall be permitted on the subject.

Defendants' argument regarding the insufficiency of Plaintiff's proposed Order is moot.

6

Under these circumstances, Plaintiff's Motion to Seal is **GRANTED** in part and **DENIED** in part without prejudice.  **The Clerk of the Court is directed to maintain under seal Exhibit 3 at Docket Entry No. 9-3 and to maintain the temporary seal over 19-3, 19-6, 21, 21-2, 23, 24, 27, 27-1, 27-3, 29, and 30**, pending the Court's decision on the supplemental briefing outlined above.

      **IT IS SO ORDERED.**

      **IT IS FURTHER ORDERED THAT THE CLERK OF THE COURT TERMINATE DOCKET ENTRY NO. 40.**

                                                               s/ Tonianne J. Bongiovanni
                                         **TONIANNE J. BONGIOVANNI**
                                         **United States Magistrate Judge**